**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0403-WJM

LEE W. DINES, JR.,
JEFFREY F. DINES,
DARREN J. DINES,
PETER M. DINES,
DREW P. DINES, and
KEVEN C. DINES,

      Plaintiffs,

v.

COMERICA BANK & TRUST, N.A.,

      Defendant.

---

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

---

This breach of contract dispute is before the Court *sua sponte*.  On February 8, 2022, Plaintiffs Lee W. Dines, Jr., Jeffrey F. Dines, Darren J. Dines, Peter M. Dines, Drew P. Dines, and Keven C. Dines (collectively, "Plaintiffs"), initiated an action in state court by filing a Complaint and Request for Injunctive Relief and a Motion for a Temporary Restraining Order ("TRO").  (ECF No. 6.)  Plaintiffs allege that Defendant Comerica Bank & Trust, N.A. ("Comerica" or "Trustee") breached its fiduciary duty in connection with the sale of property located in Denver, Colorado ("Property") that is held by trust for which Comerica is the Trustee and for which Plaintiffs are the remainder beneficiaries.  (*Id.*)

Also on February 8, 2022, the state court granted Plaintiffs' request for a TRO enjoining Comerica from completing the subject sale of real property.  (ECF No. 7.)  The

state court's Order Granting, In Part, Application for Temporary Restraining Order,

Request for Injunctive Relief, and Request for an Order Permitting Expedited Discovery

states:

> THIS MATTER is before me on the Plaintiffs' Ex Parte
> Application for Temporary Restraining Order, Request for
> Injunctive Relief and Request for an Order Permitting
> Expedited Discovery.  I have reviewed the Complaint and
> the Application.  I have also heard and considered the
> testimony of Keven Dines and (by offer of proof) Peter Dines
> and now find as follows:
>
> Plaintiffs have established marginally sufficient grounds
> under CRCP 65(b) for a temporary restraining order effective
> today at 5:29 p.m. which shall remain in effect until a hearing
> may be had on the merits of this dispute.  The scheduled
> sale of the property located at 521 Monroe Street, Denver
> Colorado is hereby temporarily enjoined until further order of
> this Court.  A hearing has been set in Courtroom 259 of
> Denver District Court on February 15, 2022 at 1:30 p.m. at
> which time the Court will take up the Plaintiffs' request for
> preliminary injunction and all attendant issues. The request
> for an order authorizing expedited discovery is now DENIED.

(*Id.*)  Comerica states that under Colorado Rules of Civil Procedure Rule 65(b)(2), the

TRO will lapse on February 22, 2022 if not further extended by court order.  (ECF No. 1

at 2.)

On February 14, 2022, Comerica removed this action pursuant to this Court's

diversity jurisdiction.  (*Id.* at 3.)  That same day, Plaintiffs filed a Supplemental Brief in

Support of Request for Preliminary Injunction ("Supplemental Brief") in state court.

(ECF No. 14-1.)  Comerica has not yet submitted a response to the Complaint or

Plaintiffs' request for a preliminary injunction.  This case was assigned to the

undersigned on February 16, 2022.  (ECF No. 15.)

Given the rapid developments in this case, as well as the impending expiration of

the state court TRO, the Court construes Plaintiffs' filing of the Supplemental Brief as a motion, among other things, for an extension of the state court TRO.  For the following reasons, the Court will grant that portion of the construed motion and extend the TRO for good cause.

## I. LEGAL STANDARD

Injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  A party seeking a preliminary injunction or temporary restraining order must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction, or, put differently, that the balance of equities tips in the movant's favor; and (4) the injunction would not be adverse to the public interest.  *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009); *Kaplan v. Bank of N.Y. Mellon Trust Co.*, at *1 (D. Colo. 2010) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)) (noting that the four elements apply to both preliminary injunctions and temporary restraining orders and that "the same considerations apply" to both forms of injunctive relief).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), is the "exception rather than the rule," *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no

longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is infrequently issued when the opposing party has actual notice of the motion. *See* 11A Charles Alan Wright et al., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief. *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

Federal Rule of Civil Procedure 65(b)(1) permits the Court to issue a temporary restraining order if: (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Rule 65(b)(2) provides that "[t]he order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record."

## II. ANALYSIS

### A. Substantial Likelihood of Success on the Merits

On this admittedly limited record, the Court finds a substantial likelihood of success on the merits. A trustee must administer a trust "in good faith, in accordance with [the trust's] terms and purposes and the interests of the beneficiaries. . . ." C.R.S. § 15-5-801. The trustee must also "administer the trust solely in the interests of the beneficiaries." C.R.S. § 15-5-802. A trustee "shall administer the trust as a prudent

4

person would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust. In satisfying this standard, the trustee shall exercise reasonable care, skill, and caution."  C.R.S. § 15-5-804.  A trustee must also keep trust beneficiaries "reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests."  C.R.S. § 15-5-813(1).

Based on the facts alleged in the Complaint, the Court finds Plaintiffs have a substantial likelihood of proving that Comerica breached its fiduciary duty to the trust and to Plaintiffs because it approved the transaction to sell the Property: (a) without listing the Property on the multiple listing service ("MLS") and exposing it to the open market; (b) at a purchase price below the appraised value of the Property; (c) to a buyer that is a business affiliate of the listing broker; and (d) and without keeping Plaintiffs informed of material facts necessary for them to protect their interests.  *See Rippey v. Denver U.S. Nat'l Bank*, 273 F. Supp. 718, 739 (D. Colo. 1967) ("The trustee should do his best to secure competitive bidding and to surround the sale with such other factors as will tend to cause the property to sell to the greatest advantage."); *Whatley v. Wood*, 404 P.2d 537, 540 (Colo. 1965) ("[A] trustee [who] sells property for a grossly inadequate price . . . [commits] a breach of trust that may affect the title to the property in the hands of a purchaser.").  While in no way pre-judging the ultimate outcome of this case, the Court sees considerable merit to Plaintiffs' contentions.

Further, when Plaintiffs objected repeatedly to the transaction, Comerica breached its duty to postpone the closing and seek court approval of the transaction before proceeding to closing.  *See* C.R.S. § 15-5-802(2)(b) (a transaction that presents a conflict between trustee's fiduciary and personal interests is voidable by a beneficiary

affected by the transaction unless the transaction is approved by the court).

Accordingly, the Court finds that Plaintiffs have demonstrated a substantial likelihood of

success on the merits.

**B.      Irreparable Harm Unless the Injunction Is Issued**

"Under well established real property principles, any given piece of property is

considered unique" and therefore "in the context of a preliminary injunction request, loss

of real property is *per se* irreparable injury."  *Sportsmen's Wildlife Def. Fund v. U.S.*

*Dep't of the Interior*, 949 F. Supp. 1510, 1523 (D. Colo. 1996).  The Tenth Circuit has

stated that "when interests involving real property are at stake, preliminary injunctive

relief can be particularly appropriate because of the unique nature of the property

interest."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (citations

omitted).

The Court agrees that allowing Comerica to sell the Property, without having

exposed this unique Property to the highly competitive Denver real estate market, would

cause Plaintiffs irreparable harm.  (*See* ECF No. 14-1 at 9.)  Damages calculations

based on probable fair market value, or comparison to sales of other homes in the area,

cannot account for the inherent uniqueness of both the Property itself and that unique

buyer.

**C.      Balance of Harms**

The Court concludes that the balance of the harms weighs in favor of extending

the TRO in order to preserve the *status quo ante* until the Court can consider more

fulsome arguments from both parties on the merits.  As Plaintiffs argue in the

Supplemental Brief:

Equity favors enjoining Comerica's misconduct, which runs

> contrary to the many fiduciary obligations that it owes the Trust and its beneficiaries.  Plaintiffs would retain their statutory protections vis-à-vis a possible sale, including being reasonably informed of the details, and voiding an objectionable sale.  Without an injunction, Plaintiffs stand to lose out on the unique financial opportunity of marketing and selling this unique Property by listing it on the MLS and benefitting from the intensely competitive Denver real estate market.  By contrast, the injunction would not significantly burden Comerica.  Rather, the injunction would only operate to suspend the closing, pending the Court's findings on the merits.

(ECF No. 14-1 at 11–12.)

The Court agrees.  Therefore, the Court finds that the balance of harms weighs in favor of the extension of the TRO.

## D.   Public Interest

The Court finds that the public interest would be served by ensuring that Comerica's fiduciary obligations are enforced, as doing so would maintain public confidence in trustee-beneficiary relationships.  *See* C.R.S. § 15-5-801 ("[T]he trustee shall administer the trust in good faith, in accordance with its terms and purposes and the interest of the beneficiaries.").  Therefore, the Court finds that it is in the public interest to extend the TRO.

## E.   Bond Requirement

Rule 65(c) states that this Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Although phrased as mandatory, in practice the Court has discretion under this Rule whether to require a bond and, if so, in what amount.  *See* 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2954 n.29

(3d ed., Apr. 2017 update).

While Plaintiffs have posted a $5,000 security bond in Denver District Court, they have yet to file any bond in this Court.   Exercising its discretion to do so, the Court will not require Plaintiffs to post a bond in this case during the pendency of the extended TRO.  The Court will, however, consider the issue of the appropriate amount of bond it should require of Plaintiffs, if any, in the event it decides to grant Plaintiffs the preliminary injunctive relief they are seeking.

* * * *

The Court pauses to make the following observations.  First, this litigation raises solely questions of Colorado law, involving real estate located in this state, and which our state district judge colleagues are uniquely equipped to handle efficiently and fairly. Nonetheless, Defendant perceived a tactical advantage to removing this case to this Court on the very day the state district court judge had scheduled a hearing on Plaintiffs' motion for preliminary injunction, after having already considered the matter sufficiently on the merits to have found grounds to issue a TRO.  Counsel should be aware the undersigned takes a dim view of such tactical maneuvering.

Second, the sale of local residential property giving rise to this suit has evolved into the proverbial "federal case" over what is an approximate disputed amount of $500,000.  With experienced and expensive law firms on both sides, their clients should be aware that a very significant portion of this disputed amount will be used to pay a large amount of attorney fees should this dispute develop into a protracted legal battle.

Third, in the Court's view, this state law property dispute, with the relatively modest amount in controversy, should not be taking up the limited judicial resources of

this federal court.  This is a paradigmatic example of a legal dispute which should be forthwith resolved by the parties without further Court intervention.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS:

1.      The Court hereby ORDERS that the state court's February 8, 2022 Temporary Restraining Order (ECF No. 7) is EXTENDED, and the TRO shall now expire at **11:59 p.m. on March 8, 2022**, unless the Court earlier dissolves it;

2.      Comerica shall file a supplemental brief in response to Plaintiffs' Supplemental Brief by **February 23, 2022**; and

3.      Plaintiffs shall file a reply supplemental brief by **February 28, 2022.**  After receipt of this filing, the Court will consider the need for an evidentiary hearing on Plaintiffs' request for preliminary injunctive relief.

Dated this 17th day of February, 2022.

BY THE COURT:

William J. Martinez
United States District Judge